## Commonwealth v. Saddic

*John M. Clary,* for Commonwealth.
*Michael F.X. Gillin,* for defendant.

REED, JR., *J.*, December 17, 1981 — This case is an appeal from a summary-conviction of defendant for violating Section 4902(a) of the Pennsylvania Motor Vehicle Code. After filing this appeal defendant filed a motion to quash the citation as defective on its face.

Defendant had been issued a citation for driving a SEPTA Bus over the Lindbergh Avenue Bridge in Clifton Heights, Pa. The bridge was posted with a three ton weight restriction. Defendant's vehicle weighed 31,825 pounds, 25,825 pounds over the three ton limit.

Defendant's motion to quash rests on the proposition that the citation is facially defective because it fails to cite the statute violated. Defendant argues that citing section 4902(a) of the Motor Vehicle Code does not set forth any offense that could be violated. Defendant argues that section 4902 grants local authorities only the power to impose weight or size restrictions. It does not impose them. In this context section 4902 would be enabling legislation only, which cannot be cited for a violation.

The Lindbergh Bridge being a county bridge, defendant maintains that he could only be charged with violation of a Delaware County Ordinance, which would have to be cited on the citation as the statute violated, not section 4902(a) of the Pennsylvania Motor Vehicle Code.

We do not agree. First, to sustain defendant's motion to quash it must be clear that harm has been done to defendant. See Commonwealth v. Niemetz, 282 Pa. Superior Ct. 431, 422 A. 2d 1369 (1980). This is not the case. Second, we do not find a substantive defect exists giving grounds for discharge of the citation, as required by Pa.R.C.P. 150(b).

Section 6301 of the Pennsylvania Motor Vehicle Code controls by its mandate that when the same conduct is proscribed under the Motor Vehicle Code and a local ordinance, the *charge shall be brought under the Motor Vehicle Title and not under the local ordinance.* Furthermore, prosecutions brought under any local ordinance, rule or regulation which are based on a violation for which there is a specific penalty in the Motor Vehicle Code, *shall be deemed as having been brought under the Motor Vehicle Code,* and the assessment and disposition of fines and forfeiture shall be so governed. (Emphasis supplied.)

Defendant's argument is therefore premature. The question of whether or not Delaware County is required to have an ordinance restricting the weight on this bridge can only be raised later, not to strike down the citation.

The citation can and should show Section 4902 both for violation and penalty, it should not cite any local ordinance. This citation is facially proper. To that end defendant's motion to quash will be denied.

## ORDER

And now, December 17, 1981 upon review of the record and briefs submitted it is hereby ordered and decreed that defendant, Melvin Saddic's motion to quash the citation herein be and the same is hereby denied and defendant's appeal is directed to proceed to hearing.